Nash, C. J.
 

 The first point to be established by the plaintiff, to make a recovery of the slave sued for, is that the executor had assented to the legacy. There is no controversy as to the legacy. The defendant denies that the executor ever had assented, and the latter who was a witness, swore he never had assented. The father of Lunda Roseman, the deceased wife of the plaintiff, by his will, gave her the negro in question, and died in 1843. After the death of her father,
 
 *132
 
 Lunda continued to live with her mother and a brother, and the negro remained on the farm and worked with the other hands for the support of the family. When the brother died, the land on which Lunda and her mother lived was sold, and the defendant purchased it, and removed there, where he and his mother and Lunda continued to live up to the time of her marriage in 1854. After the marriage of the plaintiff and Lunda they removed to his house, and she died the year following. The- writ was issued in 1854. The executor never took the slave into his possession,, and never exercised any control over her. Upon this part of the case the jury were instructed, that the long time the negro remained in the possession of the legatee, without claim or control of the executor, was evidence of an assent. In this, there is no error. Acquiescence by an executor in a long-continued possession by a legatee, of the property bequeathed, will raise the presumption of an assent to the legacy by the executor. To make an assent by an executor it is not necessary that he should use any words of assent or deliver over the property bequeathed.
 
 White
 
 v.
 
 White,
 
 4 Dev. Rep. 257 ; S. C., 1 Dev. and Bat. 260. In this case the plaintiff’s wife was in possession of the slave for near ten years.
 

 Upon the second point, we agree with his Honor. The legal title is in the plaintiff, and though the plaintiff’s wife might have entered into the contract, mentioned in the case, it was in parol and executory, and, therefore, under the statute of frauds, was of no force and void as a sale. It could not operate as a pledge, for the slave never was delivered by the legatee to the defendant. Lunda continued to live on the farm up to the time of her marriage, and the negro continued to work with the other slaves for the joint support of the family. She was, therefore, in her possession. Nor can the fafet, that when she and her husband removed to his residence, they did not take the slave with them, weaken this conclusion, for the case states they took with them 'none of her property.
 

 
 *133
 
 Nor could tlie agreement be a mortgage, for, as before stated, it was verbal — not reduced to writing.
 

 There is no error.
 

 Per Curiam. Judgment affirmed.